UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 5:26-cv-00117-MWC-SSC | Date: January 18, 2026 |
| Title: | Ehsan Mahalati-Shirazi v. Kristi Noem *et al* | |

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) Order GRANTING Petitioner's Ex Parte Application for Temporary Restraining Order (Dkt. 3).**

Before the Court is Petitioner Ehsan Mahalati-Shirazi's ("Petitioner") *ex parte* application ("Application") seeking a temporary restraining order ("TRO") enjoining Respondents Kristi Noem, Fereti Semaia, Pamela Bondi, Marcos Charles, Ernesto Santacruz Jr., and Todd Lyons (collectively, "Respondents")[1] from removing Petitioner from the jurisdiction of this court or the state of California; ordering Petitioner's immediate release from custody; and issuing an order to show cause why a preliminary injunction should not be granted within three days. *See* Dkt. # 3 ("*App.*") 1-2. Respondents did not oppose the Application. *See* Dkt. # 10.

For the reasons set forth below, the Court **GRANTS** the Application. The Court **ORDERS** Respondents to release Petitioner from custody immediately and not re-detain Petitioner without compliance with 8 U.S.C. § 1226 and 8 C.F.R. § 212.5, and it **ENJOINS** Respondents from detaining Petitioner while the Court considers the merits of

---

[1] The Petition identifies Respondents as follows: Ernesto Santacruz Jr. is the acting Director of the Los Angeles Field Office of ICE's Enforcement and Removal Operations Division. Todd Lyons is the Acting Director of Immigration and Customs Enforcement ("ICE") within the Department of Homeland Security ("DHS"). Kristi Noem is the Secretary of the DHS. Pamela Bondi is the Attorney General of the United States. Fereti Semaia is the Warden of the Adelanto ICE Processing Center, Adelanto, California, where Petitioner is detained. Marcos Charles is the Acting Executive Associate Director, Enforcement and Removal Operations of ICE. *See* Dkt. # 1 ("*Pet.*") ¶¶ 7–10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 5:26-cv-00117-MWC-SSC | Date: January 18, 2026 |
| Title: | Ehsan Mahalati-Shirazi v. Kristi Noem *et al* | |

Petitioner's claim.  Respondents are further **ORDERED TO SHOW CAUSE** why a preliminary injunction should not issue.  Respondents shall file any response to the Order to Show Cause on or before January 23, 2026, and Petitioner shall file any reply on or before January 30, 2026.

I.   Background [2]

Petitioner, Mr. Mahalati-Shirazi, is a native and citizen of Iran.  *Pet.* ¶ 6.  On or about September 22, 1995, Petitioner was lawfully admitted to the United States as an immigrant at Chicago, Illinois.  *Id.*

On October 12, 2004, Mr. Mahalati-Shirazi was convicted in the Delaware County Court of Common Pleas, Delaware, Ohio, of two counts of felonious assault in violation of Ohio Revised Code § 2903.11(A)(2).  *Id.* ¶ 14.  He was sentenced to eight years of imprisonment and five years of community control.  *Id.*  Based on these convictions, DHS charged Petitioner as removable under INA § 237(a)(2)(A)(iii) for having been convicted of an aggravated felony.  *Id.*

During immigration proceedings, Petitioner applied for protection under the Convention Against Torture ("CAT").  *Id.* ¶ 15.  Given the nature of the convictions, the Immigration Judge held that Petitioner was ineligible for withholding of removal under both CAT and INA § 241(b)(3).  *Id.*  On April 10, 2007, the Immigration Judge ordered Petitioner removed from the United States.  *Id.* ¶ 16.  However, after full testimony and evidentiary development, the Immigration Judge granted protection in the form of deferral of removal under CAT, finding that Petitioner would more likely than not face torture if returned to Iran.  *Id.*  DHS appealed the decision granting CAT protection to the Board of Immigration Appeals ("BIA").  *Id.* ¶ 17.  The BIA dismissed the appeal on August 21, 2007.  *Id.*

On November 1, 2011, Petitioner was detained by ICE.  *See id.* ¶ 20.  On January 26, 2012, ICE issued a Release Notification, stating that ICE had concluded that Petitioner may be released from ICE custody pending removal, and that he would be

---

[2] Unless otherwise indicated, the following factual background is derived from the Petition and/or Application.  The Court is not, at this time, making a final determination as to the veracity of the facts stated therein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 5:26-cv-00117-MWC-SSC | Date: January 18, 2026 |
| Title: | Ehsan Mahalati-Shirazi v. Kristi Noem *et al* | |

placed on Order of Release on Supervision ("OSUP"). *Id.* ¶ 18. The Release Notification stated that Petitioner will be given an opportunity to prepare for an orderly departure, once a travel document is obtained by ICE to facilitate his removal. *Id.* ¶ 19. On February 1, 2012, Petitioner was released on OSUP, having spent 93 calendar days detained by ICE. *Id.* ¶ 20.

Upon information and belief, Petitioner has fully complied with the conditions of his OSUP. *Id.* ¶ 21. He has regularly attended ICE check-in appointments. *Id.* Petitioner has worked as a dental hygienist pursuant to valid DHS employment authorization, paid taxes, run a car rental business, and purchased a home. *Id.* ¶ 36-41. He has no pending criminal cases. *Id.* ¶ 42.

In October 2025, during a regularly scheduled ICE check-in appointment, ICE agents placed a GPS ankle monitor on Petitioner without providing any additional information. *Id.* ¶ 22. On October 30, 2025, the Governor of Ohio, Mike DeWine, issued Petitioner a full and unconditional pardon for both felonious assault convictions, which had formed the basis of the removal order issued in 2007. *Id.* ¶ 23. On December 2, 2025, counsel for Petitioner submitted to the BIA a Motion to Reopen and Terminate Petitioner's removal proceedings based upon the gubernatorial pardon of his convictions. Petitioner's motion remains pending before the Board of Immigration Appeals. *Id.* ¶ 24.

On December 4, 2025, Petitioner, knowing he was in compliance with his OSUP and believing himself on good terms with his OSUP ICE officer, voluntarily presented himself to ICE, providing a copy of the pardon and the Motion to Reopen and Terminate pending before the BIA. *Id.* ¶ 25. Petitioner also presented signed support letters from the Executive Director of a free clinic where he volunteered, his pastor, employer, brothers, and friends. *Id.* Petitioner requested to have the ankle monitor removed because it irritated his skin, and due to the recent filing of his Motion to Reopen and Terminate removal proceedings and in anticipation that BIA would grant his motion, allowing him to revert to lawful permanent resident status. *Id.* Instead, ICE officers arrested Petitioner. *Id.* ¶ 26.

Petitioner alleges that the official responsible for revoking Petitioner's OSUP did not first refer the case to the ICE Executive Associate Director, did not make findings that revocation was in the public interest and that circumstances did not reasonably permit referral to the Executive Associate Director, and had not been delegated authority

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 5:26-cv-00117-MWC-SSC | Date: January 18, 2026 |
| Title: | Ehsan Mahalati-Shirazi v. Kristi Noem *et al* | |

to revoke an order of supervision. *Id.* ¶ 27. Petitioner alleges upon information and belie that at no time following his arrest did ICE explain why it revoked his order of supervision or give him an opportunity to respond to those reasons. *Id.* ¶ 28. Petitioner alleges upon information and belief, at the time ICE revoked Petitioner's order of supervision, the agency had not secured travel documents necessary for removal from the United States. *Id.* ¶ 29.

Counsel for Petitioner immediately filed an Emergency Motion for Stay of Removal with the BIA. *Id.* ¶ 30, Dkt. # 3-2 ¶ 2. The BIA has not acted on the Emergency Motion for Stay of Removal because, according to the BIA, they received notification from DHS on 3 separate occasions (on December 9, 2025, December 17, 2025, and January 9, 2025), that Petitioner's removal is not scheduled and is not imminent. *Pet.* ¶ 31.

Petitioner also filed a Motion for a Custody Redetermination Hearing with the Immigration Court in Adelanto, California. *Id.* ¶ 32. A hearing was held before an Immigration Judge on December 29, 2025. *Id.* The Immigration Judge held that he lacked jurisdiction to issue bond pursuant to Section 236(a) of the Immigration and Nationality Act because of the 2007 final removal order, and because Petitioner's detention was not prolonged. *Id.* ¶ 33.

On January 11, 2026, Petitioner filed a petition for writ of habeas corpus. *See* Dkt. # 1. On January 12, 2026, Petitioner filed the instant Application. *See App.* That day, the Court issued an order setting a briefing schedule for the Application and enjoining Respondents from removing or relocating Petitioner outside of this District during the pendency of Petitioner's case. Dkt. # 6.

II.     Legal Standard

   A.     *Ex Parte* Applications

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)). "Consistent with [the Supreme Court's] overriding concern, courts have recognized very few circumstances justifying the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:26-cv-00117-MWC-SSC | Date: January 18, 2026 |
| Title:  Ehsan Mahalati-Shirazi v. Kristi Noem *et al* | |

issuance of an ex parte TRO." *Id.* (discussing parties' failure to provide notice under Fed. R. Civ. P. 65(b)).

In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

B. <u>Temporary Restraining Orders and Preliminary Injunctions</u>

Federal Rule of Civil Procedure ("Rule") 65 grants district courts the power to issue injunctions and restraining orders. Issuance of a TRO, as a form of preliminary injunctive relief, is an extraordinary remedy, and the applicant for such a remedy bears the burden of proving its propriety. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In general, the showing required for a TRO and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The applicant for a TRO must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm absent the injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). "In the Ninth Circuit, a plaintiff may also prove a TRO is warranted by raising 'serious questions going to the merits.'" *NML Cap., Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111, 1125 (C.D. Cal. 2011) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)). Where the non-movant is a government entity, "the third and fourth [*Winter*] factors . . . merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).

A preliminary injunction is "an extraordinary and drastic remedy" and "should not be granted unless the movant, by clear showing, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quotations omitted). At this stage, the Court is only determining whether Petitioner has met his burden for a temporary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 5:26-cv-00117-MWC-SSC | Date: January 18, 2026 |
| Title: | Ehsan Mahalati-Shirazi v. Kristi Noem *et al* | |

restraining order.  *See Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). Accordingly, this Order is not a final decision on the merits of any claim, nor is it a decision on the merits of the factual assertions either party made in support of any claim.

III.    Discussion

   A.    *Ex Parte* Application and *Mission Power* Factors

The Court finds that Petitioner has satisfied the *Mission Power* factors.  Petitioner has been in custody since December 4, 2025, and avers that he has yet to receive any opportunity to contest his detention or revocation of OSUP status.  *App*. 7.  If the Court heard the Application according to regularly noticed motion procedures, that would leave Petitioner detained without access to any due process for at least an additional 28 days.  Though Petitioner could have sought the TRO sooner, the fact that he provided ICE time to give additional due process cannot cut against him.  After weeks in continued detention without the requisite process, the Court finds *ex parte* relief warranted.

   B.    Request for Release from Detention and Restoration of OSUP Status

The Court has jurisdiction to consider Petitioner's claims under 28 U.S.C. § 2241. *See Trinidad y Garcia v. Thomas*, 683 F.3d 952, 956 (9th Cir. 2012) (en banc) ("The writ of habeas corpus historically provides a remedy to non-citizens challenging executive detention.").

Petitioner argues that he is likely to succeed on the merits of the claims in his Petition, including violation of the Fifth Amendment rights of substantive and/or procedural due process (Counts One and Two), violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), (C) (Counts Three, Four and Five), ultra vires action (Count Six), and violation of the *Accardi* doctrine (Count Seven).  *See generally Pet.*

A showing of a "likelihood of success on even just one claim is sufficient [for injunctive relief] as long as that claim would support the injunctive relief sought." *Citibank, N.A. v. Mitchell*, 2024 WL 4906076, at *3 (N.D. Cal. Nov. 26, 2024) (citing *Dowl v. Williams*, 2018 WL 2392498, at *1 (D. Alaska May 25, 2018) and *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   5:26-cv-00117-MWC-SSC | Date: January 18, 2026 |
| Title:   Ehsan Mahalati-Shirazi v. Kristi Noem *et al* | |

766 n.3 (9th Cir. 2014)).  Because the Court concludes Petitioner has established at least the presence of "serious questions going to the merits" on his claim that the revocation of his OSUP violates due process, a TRO may issue.  *Alliance for the Wild Rockies*, 632 F.3d at 1135.  The Court discusses each of the *Winter* factors in turn.

      *i.*    *Likelihood of Success on the Merits*

          *a.*    *Statutory and Regulatory Framework*

"Freedom from imprisonment . . . lies at the heart of the liberty" that the Fifth Amendment's Due Process Clause protects.  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  "[T]he Due Process Clause applies to all 'persons' within the United States," including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent."  *Id.* at 693; *see also Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) ("'The Fifth Amendment entitles [noncitizens] to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))).  Thus, a noncitizen under an OSUP has a constitutional liberty interest in their continued release from immigration detention.  *See Sun v. Santacruz*, No. EDCV-25-02198-JLS-JCx, 2025 WL 2730235, at *5–6 (C.D. Cal. Aug. 26, 2025) (finding the petitioner had a "substantial" liberty interest in "remaining out of immigration custody" pursuant to an OSUP and granting a TRO enjoining the respondents from re-detaining the petitioner without a pre-detention hearing before a neutral adjudicator); *Yang v. Kaiser*, No. 2:25-CV-02205-DAD-AC (HC), 2025 WL 2791778, at *7–10 (E.D. Cal. Aug. 20, 2025) (same).

8 U.S.C. § 1231(a) governs the detention, release, and removal of noncitizens with an order of removal.  Under § 1231(a), a noncitizen who has been ordered removed must be detained during the 90-day removal period.  8 U.S.C. §§ 1231(a)(1)(A), 1231(a)(2)(A).  However, if a noncitizen is not removed within this period, they must be released "subject to supervision under regulations prescribed by the Attorney General."  *Id.* § 1231(a)(3).  While certain noncitizens may be detained beyond the 90-day removal period, such noncitizens, if released, must also be subject to the same terms of supervision as under § 1231(a)(3).  *Id.* § 1231(a)(6).

8 C.F.R. § 241.4 and 8 C.F.R. § 241.13 set the terms of supervised release under 8 U.S.C. § 1231(a)(3) and 8 U.S.C. § 1231(a)(6), including the conditions and procedures under which ICE may revoke release.  *See* 8 C.F.R. §§ 241.4(l), 241.13(i).  First, ICE may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:26-cv-00117-MWC-SSC | Date: January 18, 2026 |
| Title: Ehsan Mahalati-Shirazi v. Kristi Noem *et al* | |

revoke release when a noncitizen violates a condition of their OSUP. *Id.* §§ 241.4(l)(1), 241.13(i)(1). Second, ICE may revoke release when, "on account of changed circumstances, [ICE] determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(2). Third, certain officials may exercise their discretion to revoke release. *See id.* § 241.4(l)(2).

Upon revocation of release, ICE must provide the noncitizen a copy of the decision "set[ting] forth the reasons for the continued detention." *Id.* § 241.4(d). Additionally, the noncitizen must be "notified of the reasons for revocation," *id.* § 241.4(l)(1), and afforded "an initial informal interview promptly . . . to respond to the reasons for revocation stated in the notification," *id.* § 241.13(i)(3).

        b.    *Analysis*

Petitioner has demonstrated a serious question going to the merits of his requests for release from detention.

        1.    *Procedural Requirements to Revoke OSUP Status*

As Petitioner identifies and Respondents do not dispute, after his release on supervision on February 1, 2012, Petitioner has not violated the terms of his OSUP. *App.* 6. It is undisputed that Petitioner was given no notice of any violation or intent to revoke his supervision. *Id.* 6-7; *Pet.* ¶¶ 2, 74, 85. It is also undisputed that at no time following Petitioner's arrest "did ICE explain why it revoked his order of supervision or give him an opportunity to respond to those reasons." *Pet.* ¶ 28.

Because Petitioner was not provided a copy of the decision "set[ting] forth the reasons for the continued detention"; was not "notified of the reasons for revocation,"; and was not afforded "an initial informal interview promptly . . . to respond to the reasons for revocation stated in the notification," revocation of Petitioner's release on OSUP was procedurally defective. *See* 8 C.F.R. §§ 241.4(d), 241.4(l)(1), 241.13(i)(3); *Delkash v. Noem*, No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *5 (C.D. Cal. Aug. 28, 2025) (noting that the government may not conflate "reason for removal with the reason for revocation of release").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 5:26-cv-00117-MWC-SSC | Date: January 18, 2026 |
| Title: | Ehsan Mahalati-Shirazi v. Kristi Noem *et al* | |

"It is well-established that government agencies are required to follow their own regulations." *Delkash*, 2025 WL 2683988, at *5 (citing *United States ex rel Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954)). To the extent Respondents failed to follow release revocation procedures, Petitioner's re-detention is unlawful. *See id.* (collecting cases); *Nazarian*, 2025 WL 3236209, at *5; *Esmail*, 2025 WL 3030590, at *6–7.

For these reasons, there remains a serious question as to whether Petitioner was provided sufficient due process under 8 C.F.R. § 241.13(i)(3).

### 2. *Likelihood of Removal*

Petitioner alleges that there is no significant likelihood of his removal in the reasonably foreseeable future, which would require his release. 8 C.F.R. § 241.13(i)(2) (stating that "[t]he Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."). Petitioner points out that ICE has not secured the necessary travel documentation and has been unable to do so since his removal order was entered on April 10, 2007. *Pet.* ¶ 31, 107. It is further undisputed that, upon Petitioner's information and belief, the BIA has received notification from DHS on three separate occasions in recent weeks that Petitioner's removal "is not scheduled and is not imminent." *Id.* ¶ 31.

Respondents make no showing that Petitioner's removal is possible, much less imminent. The Court finds there remains a serious question as to whether Petitioner's removal is reasonably foreseeable.

The Court notes that Petitioner has been in ICE custody for less than six months, which the Government has argued in similar cases precludes petitioners from challenging the likelihood of their removal under *Zadvydas*. *See Opp.* 5–6. To be sure, *Zadvydas* provided that a six-month detention is where the "presumption" of constitutional reasonableness ends. *See Zadvydas*, 533 U.S. at 701. But "[p]resumptively reasonable does not equate to mandatory." *Gibson v. United States*, No. 2:03-CR-2083-WFN-1, 2017 WL 10775070, at *1 (E.D. Wash. May 23, 2017); *see Rita v. United States*, 551 U.S. 338, 366 (2007) ("As the Court acknowledges . . . *presumptively* reasonable does not mean *always* reasonable; the presumption . . . must be genuinely rebuttable." (Stevens, J., concurring) (emphasis in original) (citing *id.* at 345–48)). And other courts have found

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 5:26-cv-00117-MWC-SSC | Date: January 18, 2026 |
| Title: | Ehsan Mahalati-Shirazi v. Kristi Noem *et al* | |

release immediately necessary even where petitioners have been detained less than six months.  *See, e.g.*, *Esmail*, 2025 WL 3030590, at *3, *5–6 (finding petitioner likely to succeed on merits of wrongful detention claim where immigration detainee was in custody for ten days); *Delkash*, 2025 WL 2683988, at *2 (granting petitioner's release from detention where he was in immigration custody for only two months); *see also Nazarian*, 2025 WL 3236209, at *5 (noting that "because Petitioner challenges his re-detention after already being released on an OSUP, 'ICE's own regulations [ ] place the burden on ICE to show changed circumstances that make removal significantly likely in the reasonably foreseeable future.'" (quoting *Sun v. Noem*, No. 3:25-CV-02433-CAB-MMP, 2025 WL 2800037, at *2 (S.D. Cal. Sep. 30, 2025))).

In sum, Petitioner has raised a serious question going to the merits with respect to three different procedural deficiencies: proper notice as to the reason for revocation of his release, an informal interview where he could contest his detention, and likelihood of his removal in the reasonably foreseeable future.  Thus, his detention upon revocation of OSUP status lacks the requisite due process.  Petitioner's release is also necessary to return him to the status quo, or "the last uncontested status which proceeded the pending controversy." *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *7 (E.D. Cal. July 16, 2026) (cleaned up) (quoting *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000)); *Nazarian*, 2025 WL 3236209, at *7 ("While Respondents argue the proper relief is remedying the specific procedural defects rather than releasing Petitioner from custody, . . . the Court rejects this argument.  Here, Petitioner's release is necessary to return him to the status quo."); *Esmail*, 2025 WL 3030590, at *6 ("Providing Petitioner an interview ex post facto, while keeping him detained in ICE's custody, would not remedy the apparent constitutional violation that Petitioner has suffered in being re-detained without any measure of due process.  The fact that he was not given an interview renders his detention unlawful in the first place, necessitating his release.").

For these reasons, the Court finds that Petitioner has raised serious questions going to the merits on his request for release from detention.  *See Hassanzadeh v. Warden, Desert View Facility*, No. ED CV 25-2113-DMG (MAAx), 2025 WL 3306272, at *5 (C.D. Cal. Nov. 25, 2025); *Luu v. Bowen*, No. 5:25-CV-03145-MEMF-SP, 2025 WL 3552298, at *9 (C.D. Cal. Dec. 11, 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 5:26-cv-00117-MWC-SSC | Date: January 18, 2026 |
| Title: | Ehsan Mahalati-Shirazi v. Kristi Noem *et al* | |

*ii.     Irreparable Harm*

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). The Court finds that Petitioner would be immediately and irreparably harmed by his continued deprivation of liberty without requisite due process under 8 C.F.R. § 241.13 and 8 C.F.R. § 241.4. *See Hashemi v. Noem*, No. 2:25-cv-10335-HDV-SR, 2025 WL 3468694, at *7 (C.D. Cal. Nov. 19, 2025); *Delkash*, 2025 WL 2683988, at *6; *see also Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th Cir. 2017) (finding irreparable harm was likely to result from government's policy of not considering financial ability to pay immigration bonds); *Rodriguez v. Robbins*, 715 F.3d 1127, 1144–45 (9th Cir. 2013) (finding irreparable harm was likely to result from government's reading of immigration detention statutes as not requiring a bond hearing for noncitizens subject to prolonged detention). "Moreover, the Ninth Circuit has recognized 'the irreparable harms imposed on anyone subject to immigration detention,' including 'subpar medical and psychiatric care in ICE detention facilities.'" *Delkash*, 2025 WL 2683988, at *6 (quoting *Hernandez*, 872 F.3d at 999).

Accordingly, this factor weighs in favor of granting the TRO ordering Petitioner's release from detention and restoration of his OSUP status.

*iii.     Balance of Equities and Public Interest*

As detailed above, the last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). As to Respondents' interests, there is a compelling interest in the enforcement of the nation's immigration laws. *See Medina v. U.S. Dep't of Homeland Sec.*, 313 F. Supp. 3d 1237, 1252 (W.D. Wash. 2018). Still, the balance of equities and the public interest factors tip in favor of Petitioner because he is challenging Respondents' violation of federal law. *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law." (citations omitted)); *Esmail*, 2025 WL 3030590, at *9; *Luu*, 2025 WL 3552298, at *10 ("'Public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.'" (quoting *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005))); *see also Rodriguez v. Robbins*, 715 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 5:26-cv-00117-MWC-SSC | Date: January 18, 2026 |
| Title: | Ehsan Mahalati-Shirazi v. Kristi Noem *et al* | |

1127, 1145 (9th Cir. 2013) (noting that the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

Accordingly, and considering the other factors that the Court has examined herein, Petitioner is entitled to immediate release from detention and restoration of his OSUP status.

IV.     Bond Requirement

Rule 65 notes that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (emphasis in original)). "In particular, the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.* (cleaned up). "That is, the mandatory language of Rule 65(c) does not 'absolve[] the party affected by the injunction from its obligation of presenting evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond.'" *Vaskanyan*, 2025 WL 2014208, at *8 (quoting *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003)).

Since the Court is ordering that Respondents follow the governing law, bond is unnecessary. *See Swan v. Tanjuakio*, No. 21-00052 JMS-KJM, 2021 WL 1794756, at *8 (D. Haw. May 5, 2021) ("The court is simply requiring [defendant] to follow the law. No bond is required." (footnote omitted)); *Hassanzadeh*, 2025 WL 3306272, at *6 (ruling that bond was unnecessary where the court ordered respondents to release immigration detainee from custody and follow the governing law).

V.     Conclusion

For the foregoing reasons, the Court **GRANTS** the Application and **ORDERS** as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:26-cv-00117-MWC-SSC                                     Date: January 18, 2026

Title:         Ehsan Mahalati-Shirazi v. Kristi Noem *et al*

1. Respondents **MUST RELEASE** Petitioner immediately under an Order of Supervision.  The parties are **ORDERED** to return back to the last uncontested status which preceded the pending controversy and to place Petitioner in the same condition of the Order of Supervision before Petitioner's most recent detention.  Respondents may not re-detain Petitioner without compliance with 8 U.S.C. § 1226 and 8 C.F.R. § 212.5.

2. Respondents are **ENJOINED** from relocating Petitioner outside of the Central District of California pending final resolution of this matter.

3. Respondents are **ORDERED** to show cause, in writing, no later than 7 days after this Order as to why a preliminary injunction should not issue.  Petitioner may file a response no later than 7 days after Respondents' filing.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | TJ |